```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

       MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA     )
                             )    CRIMINAL ACTION NO.
   v.                        )        2:14cr25-MHT
                             )            (WO)
BRIAN KALVIN JACKSON, JR.    )
aka BRYANT JACKSON           )
```

ORDER

Defendant Brian Kalvin Jackson, Jr. is charged with felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). During a hearing on December 17, 2014, the court heard conflicting testimony on Jackson's medical condition, including his current physical health, his current and past mental health, and his compliance with the instructions of medical personnel. In light of this testimony, the court will order, pursuant to 18 U.S.C. § 3552(b), a 'presentence study' on Jackson's mental and physical health before determining his sentence.

BACKGROUND

Jackson is before the court for sentencing. He is charged with being a felon in possession a gun and firing it during a robbery of a department store in the spring of 2013. About six months later, Jackson was shot in an unrelated altercation. As a result of the shooting, he was paralyzed from the waist down. Both the government and Jackson agree that he has suffered a series of painful conditions as a result of the shooting and his treatment for it, including bedsores, gangrene of the penis, and severe burns on his legs. In addition, Jackson suffered severe pain from his sickle cell anemia, which he has had since birth. There has been conflicting testimony about the cause of these ailments. Specifically, there are questions whether Jackson was suicidal, whether any of the injuries were self-inflicted, and whether he refused to take medicine or clean himself in accordance with instructions from medical professionals.

DISCUSSION

"Although district courts are no longer bound to follow the Sentencing Guidelines after <u>United States v. Booker</u>, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants." <u>United States v. Todd</u>, 618 F. Supp. 2d 1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.). The court must calculate the applicable range of sentences recommended by the Guidelines. The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable. The factors set forth in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence. Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide medical care; (4)

3

the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution.  18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a). However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed."  18 U.S.C. § 3552(b).  The evaluation period "shall be no more than sixty days."  Id.  However, the court may grant an extension for "an additional period of not more than sixty days."  Id.  The study is to be conducted in the local community "unless the sentencing judge finds that there is a compelling reason for the

4

study to be done by the Bureau of Prisons or there are no adequate professional resources available in the local community to perform the study." Id. The court here desires further information on Jackson's physical- and mental-health before sentencing. Based on the representation of counsel in open court on December 17, 2014, the court finds that there are no adequate facilities to house Jackson and perform the study in the local community and therefore orders that Jackson be evaluated by the Bureau of Prisons.

***

Accordingly, pursuant to 18 U.S.C. § 3552(b), it is ORDERED as follows:

(1) Defendant Brian Kalvin Jackson is committed for a period not to exceed 60 days to the custody of the Federal Bureau of Prisons, Federal Medical Center, Butner, North Carolina for a study prior to sentencing pursuant to 18 U.S.C. § 3552(b).

5

(2) The examining medical personnel shall evaluate defendant Jackson's physical and psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.  In particular, the report shall address:

    (A) Defendant Jackson's physical condition, including his sickle cell anemia, the presence of bedsores, gangrene of the penis, burns on his legs, and any other physical conditions;

    (B) Defendant Jackson's functional limitations due to his paralysis, including whether defendant Jackson is physically capable of changing the dressing on his bedsore;

    (C) Defendant Jackson's mental-health, including whether he is or has been suicidal and any other relevant diagnosis;

    (D) Any evidence of defendant Jackson's self-injury, including whether such self-injury is related to a mental-health condition or related to efforts to impact or affect sentencing;

>    (E)   Any evidence of defendant Jackson's non-compliance with the medical professionals' instructions, including failure to take prescribed drugs or failure to clean himself after urinating or defecating;
>
>    (F)   Any evidence of drug dependency, including addiction to pain medications;
>
>    (G)   The prognosis for defendant Jackson's future, including the possible extent of recovery from any physical- and mental-health limitations; and
>
>    (H)   Any other matters the Bureau of Prisons believes are pertinent to the factors set forth in 18 U.S.C. § 3553(a).

(3) For the duration of said custody, the Bureau of Prisons shall render appropriate physical and psychological care to defendant Jackson.

(4) Because defendant Jackson is in need of immediate physical and psychological care, the Marshals

7

Service shall effectuate defendant Jackson's transfer to the custody of the Bureau of Prisons forthwith.

DONE, this the 18th day of December, 2014.

                                         /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**